Sherie L. **BAUGHER**, Plaintiff,

v.

**DEKKO HEATING TECHNOLOGIES,** Defendant.

Cause No. 3:02 CV–046 AS.

United States District Court, N.D. Indiana, South Bend Division.

May 31, 2002.

Christopher Myers, Fort Wayne, IN, for Plaintiff.

Cynthia Rockwell and Melanie L. Farr, Fort Wayne, IN, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before the Court on the Defendant's Motion to Dismiss, or Alternatively to Stay Proceedings and Compel Arbitration, filed on March 8, 2002. The Plaintiff is a former employee of the Defendant. As a condition of employment, she had to sign an Employment Agreement that included a provision requiring employees to submit any disputes arising out of employment with the Defendant company to binding arbitration. The Plaintiff argues that the arbitration clause is unenforceable because it contains two illegal provisions: a provision requiring her to pay half of the costs of arbitration; and a provision waiving any right to appeal the arbitration decision. Oral argument was held on May 10, 2002, limited to the arbitration issue. The Court has considered the submissions of the parties, and the arguments made by able counsel, and now rules as follows.

### I. JURISDICTION

Plaintiff's suit was filed under 29 U.S.C. § 2601, the Family Medical Leave Act of 1993. Jurisdiction is therefore premised upon 28 U.S.C. § 1331.

### II. RELEVANT FACTS

Only the facts relevant to this motion will be presented at this time. The Plaintiff claims that her former employer, the Defendant company, discriminated against her for exercising her rights under the Family Medical Leave Act. Compl. at 2.

However, as a condition of employment, the Plaintiff signed an Employment Agreement containing an arbitration clause. Def.'s Mot. at 1. The relevant portions of the arbitration clause state as follows:

"Employee agrees that any dispute, controversy, claim, or action (s)he has against the Company, arising out of his or her employment with the Company will be submitted to and resolved by binding arbitration following and applying the rules and procedures of the American Arbitration Association ... The duty to arbitrate shall survive the cancellation or termination of this employment agreement ... Both parties shall equally share in the costs of the arbitration proceedings. Both parties waive any right of appeal to the arbitration decision, and said decision shall be legally enforceable and binding on all parties ..."

Def.'s Ex. 1, at p. 2. The agreement also contains a severance clause, which reads, "If any one portion or provision of this Agreement shall be held invalid or unenforceable, the remaining provisions shall not be affected thereby." Id.

### III. STANDARD OF REVIEW

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, in 1925 to "reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts." *Green Tree Financial Corp.—Alabama v. Randolph*, 531 U.S. 79, 88–9, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), *quoting Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). "[E]ven claims arising under statutes enacted to further important social policies may be arbitrated because, so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its

functions." *Id.* at 90, 121 S.Ct. 513 (citations and internal quotation marks omitted).

In determining whether statutory claims may be arbitrated, the court must ask first, "whether the parties agreed to submit their claims to arbitration, and then ask whether Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Id.* The party resisting arbitration bears the burden of establishing that Congress intended to preclude arbitration on the statutory claim at issue, or that some provision of the arbitration agreement prevents her from effectively vindicating her rights in the arbitral forum. *Id.* at 91, 121 S.Ct. 513.

## IV. ANALYSIS

The Plaintiff in this case does not question that the parties agreed to arbitrate disputes, nor does she claim that Congress ever evinced an intention to preclude arbitration under the FMLA. Rather, the Plaintiff has raised two objections to the arbitration agreement itself. First, she claims that the provision requiring both parties to share equally in the costs of arbitration effectively prevents her from vindicating her federal rights because she cannot afford to pay half the costs. Second, she argues that the waiver of any right to appeal the arbitrator's award is illegal because it nullifies even the very limited right to appeal provided in both the FAA, and Indiana's arbitration statute, I.C. 34–57–2–19.

### A. The Cost–Splitting Provision

The Seventh Circuit Court of Appeals recently voided an arbitration agreement that required both parties to pay their own attorneys' fees. *See, McCaskill v. SCI Management Corporation,* 285 F.3d 623 (7th Cir.2002). The Court reasoned that the right to attorney's fees was integral to the purposes of the statute, and often cen-

tral to the ability of persons to seek redress for violations of Title VII. *Id.* at 626. The Court did not discuss whether the fee provision could be severed and the rest of the arbitration agreement enforced. The Court concluded that, because the provision prevented the plaintiff from effectively vindicating her rights in the arbitral forum by preemptively denying her remedies authorized by Title VII, the arbitration agreement was unenforceable. *Id.* at 627. The arbitration clause in this case does not discuss attorney's fees.

However, other courts that have considered fee-splitting provisions have declined to apply a broad per se rule against all fee-splitting, and have instead used a case-by-case analysis that focuses on the plaintiff's financial situation, the expected cost of arbitration as opposed to litigation in court, and whether the cost difference is so substantial as to prevent the plaintiff from bringing her claims. *See, Blair v. Scott Specialty Gases,* 283 F.3d 595 (3d Cir.2002)(collecting cases); and *Bradford v. Rockwell Semiconductor Systems Inc.,* 238 F.3d 549 (4th Cir.2001); but see, *Cole v. Burns International Security Services,* 105 F.3d 1465 (D.C.Cir.1997) (decided prior to *Green Tree,* and holding that where arbitration has been imposed by the employer, the employer may not require the employee to pay all or part of the arbitrators fees in order to pursue statutory claims under Title VII).

In *Blair,* the Third Circuit Court of Appeals remanded the case for limited discovery to determined the likely cost of the arbitration, and whether that cost would deny her a forum to vindicate her statutory rights. *Blair,* 283 F.3d at 610. The Court based its decision on the Supreme Court's ruling in *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). Acknowledging that the arbitration agree-

ment in *Green Tree* was in a different context, the Third Circuit concluded that it nonetheless provided the closest guidance on the issue of arbitration fees. *Id.* at 607. In *Green Tree*, the Supreme Court remanded the case to allow for the development of a factual record on the issues of the costs of arbitration and the plaintiff's inability to pay. *Green Tree*, 531 U.S. at 92, 121 S.Ct. 513.

The district courts that have considered the fee-splitting issue since *Green Tree* have come to different conclusions. Some have found that a fee-splitting provision rendered the arbitration agreement unenforceable. *See, Gourley v. Yellow Transportation*, 178 F.Supp.2d 1196 (D.Col. 2001); and *Cooper v. MRM Investment Co.*, 199 F.Supp.2d 771 (M.D.Tenn.2002). Others have enforced the arbitration agreement, but made the employer responsible for paying arbitration fees and costs. *See, Carter v. Countrywide Credit Industries, Inc.*, 189 F.Supp.2d 606 (N.D.Tex. 2002). In this case, the Plaintiff should have the opportunity to conduct limited discovery on the issue of arbitration costs in this area, and to present evidence to the court that she cannot afford to pay the costs. If she is successful in establishing that the cost-splitting provision denies her a forum to vindicate her statutory rights, then the arbitration agreement is unenforceable. However, the Defendant also has the option of avoiding additional discovery and possible nullification of the arbitration agreement by offering to pay the costs and fees associated with arbitration.

**B. The Appeal Waiver**

"[If] final and binding arbitration is to serve its purpose, it must be just that— final and binding." *Dean v. Sullivan*, 118 F.3d 1170, 1171 (7th Cir.1997). However, this rule has exceptions, and the fact that arbitration is final and binding does not mean that a decision will be enforced in every case. *Id.* Limited judicial review is

necessary to guard against the risk of "runaway arbiters." *Id.* "Yet the potential grounds for refusing enforcement are extraordinarily narrow." *Id.; see also, Team Scandia, Inc. v. Greco*, 6 F.Supp.2d 795 (S.D.Ind.1998). The FAA sets out those grounds in the FAA, which says that the district court may vacate an award—

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or by refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The Seventh Circuit has also concluded that this list is exhaustive. *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir.1994).

In 1998, the District Court for the Southern District of Indiana considered whether language in an arbitration agreement stating that it was "binding, final, and non-appealable" prohibited all judicial review of the arbitrator's decision, even upon statutory grounds. *Team Scandia, Inc. v. Greco*, 6 F.Supp.2d 795 (S.D.Ind. 1998). In that case, then Chief Judge Sarah Barker noted that courts have allowed parties to stipulate to the procedures, and even the standard of proof that will govern arbitration. *Id.* at 798. citing *Baravati*, 28 F.3d at 709. However, she noted that "it has long been established that an agreement to a 'final,' 'binding,'

and 'non-appealable' arbitration award does not prohibit appeals based upon the arbitrator's abuse of authority or bias." *Id.*, citing, *Dean v. Sullivan*, 118 F.3d at 1171; *Tabas v. Tabas*, 47 F.3d 1280, 1288 (3rd Cir.1995); *Goodall–Sanford, Inc. v. United Textile Workers*, 233 F.2d 104, 107 (1st Cir.1956), *aff'd* 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957). The court concluded that the parties intended to relinquish their right to appeal the merits of the dispute, not their right to appeal an arbitration award that resulted from the arbitrator's abuse of authority or bias.

The opinion from the Southern District of Indiana is persuasive authority, and well reasoned. Although the language in this case is slightly different, the meaning is the same. A provision stating that the parties "waive any right of appeal to the arbitration decision" is indistinguishable from the provision at issue in *Team Scandia*, which stated that the arbitration award is "binding, final and non-appealable." This Court concludes, as did Judge Barker, that the parties cannot have intended to waive the right to appeal a decision resulting from an arbitrator's abuse of authority or bias. Accordingly, even under the arbitration agreement as written, the parties may seek review of the arbitrator's award based on the limited grounds set forth in the FAA.

### V. CONCLUSION

For the foregoing reasons, the Plaintiff is granted the opportunity to conduct limited discovery and present motions on two issues: the cost of arbitration, and her ability to pay. If the Plaintiff succeeds in establishing that the cost-splitting provision prevents her from vindicating her federal rights in the arbitral forum, then the arbitration agreement is void and unenforceable, unless Defendant is willing to pay the costs of arbitration. The waiver provision, construed narrowly, does not defeat the parties right to appeal on the grounds set forth in the FAA. The Defendant's Motion to Dismiss, or in the Alternative to Stay Proceedings and Compel Arbitration, is **DENIED,** with leave to renew pending the outcome of discovery.

**IT IS SO ORDERED.**