[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15876

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00772-CV-J-99-MMH

ROLLINS, INC. and ORKIN, INC.,
f. k. a. Orkin Exterminating Company, Inc.,

Plaintiffs-Appellees-Cross-Appellants,

versus

COLLIER BLACK,

Defendant-Appellant-Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(February 17, 2006)**

Before EDMONDSON, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

The parties appeal the district court's order vacating in part and confirming in part the arbitration panel's award in favor of Black on his claims against Orkin, Inc. We reverse the vacatur of the award for punitive damages and the district court's denial of interest for the period between the award and the judgment. We affirm on all other issues and remand.[1]

The district court vacated the arbitration panel's award of punitive damages against Orkin, Inc., finding this portion of the award evinced a manifest disregard of the law. In support of the vacatur, the Appellees cite our decision in *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1461–62 (11th Cir. 1997), which established for this circuit "that a manifest disregard for the law, in contrast to a misinterpretation, misstatement or misapplication of the law, can constitute grounds to vacate an arbitration decision." In *Montes*, we found the arbitrators acted with manifest disregard of the law "in light of the express urging to deliberately disregard the law, the lack of support in the facts for the ruling, and

---

[1] Black contends the district court lacked jurisdiction to review the arbitration award because the arbitration agreement provided the award would be "binding, final, and non-appealable." A "binding, final, and non-appealable" arbitral award does not mean the award cannot be reviewed. It simply means the parties have agreed to relinquish their right to appeal the merits of their dispute; it does not mean the parties relinquish their right to appeal an award resulting from an arbitrator's abuse of authority, bias, or manifest disregard of the law. *See Dean v. Sullivan*, 118 F.3d 1170, 1171 (7th Cir. 1997); *Baugher v. Dekko Heating Tech.*, 202 F. Supp. 2d 847, 850 (N.D. Ind. 2002); *Team Scandia, Inc. v. Greco*, 6 F. Supp. 2d 795, 798 (S.D. Ind. 1998).

the absence in the decision, or otherwise in the record, indicating that the arbitrators rejected [the] plea to manifestly disregard the law." *Id.* at 1464. *Montes* is inapposite to this case for several reasons.

First, there is no evidence the arbitration panel was urged to disregard the law. To the contrary, the evidence shows both sides accurately represented the law with respect to punitive damages and urged the panel to apply it. Second, Black never conceded he was not entitled to punitive damages. Although there is evidence Black stated he could not be awarded punitive damages under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), § 501.201-.213, Fla. Stat., Black continued to press for punitive damages under his other theories of liability, which included negligence and fraud. Third, the record does not reflect the arbitration panel was conscious that punitive damages are not available under the FDUTPA. Fourth, there is ample factual support for the award, both in the record and in the award itself. The panel made explicit findings that would support gross negligence and fraud on the part of Orkin, even though initially it did not expressly find for Black on his negligence and fraud claims. Lastly, the panel attempted to correct its mistake by issuing a "Supplemental Interim Award," in which it explicitly found in favor of Black on his negligence and fraud claims and

3

removed the reference to the FDUTPA as the basis for the punitive damages award.

These facts distinguish this case from *Montes* and show the arbitration panel at most merely misinterpreted or misapplied the law and not that it deliberately disregarded it. We therefore reverse the district court's vacatur of the award of punitive damages.[2]

Because our holding confirms Black's entitlement to the damages established in the "Interim" award,[3] we conclude the amount Orkin owed Black was liquidated at that time. In Florida, interest from the date of the arbitral award is "required" where the award liquidated the amount owed.[4] *Okun v. Litwin Sec., Inc.*, 652 So. 2d 387, 389 (Fla. 3rd DCA 1995) ("An arbitration award is akin to a verdict, and once an arbitration award is confirmed by the court it becomes, like a verdict, the judgment of that court and interest on that judgment runs from the date

---

[2] In light of our holding on this issue, we do not decide whether the district court erred in rejecting the arbitration panel's subsequent awards as being in excess of the panel's authority under the applicable arbitration rules and the doctrine of *functus officio*. Black does not challenge the district court's vacatur of the award against Rollins, Inc., and we do not disturb the court's ruling in that respect.

[3] Appellee's cross-appeal is without merit. Appellees point out only possible legal errors committed by the arbitration panel, but mere errors of law do not warrant vacatur.

[4] Subject matter jurisdiction is founded on diversity of citizenship, and, therefore, Florida law governs whether Black is entitled to post-award, pre-judgment interest. *Parsons & Whittemore Ala. Mach. & Serv. Corp. v. Yeargin Constr. Co.*, 744 F.2d 1482, 1484 (11th Cir. 1984).

4

of its entry until satisfaction of same.") (citation omitted).[5] We remand for the district court to grant Black interest from the date of the "Interim" award.

Accordingly, we reverse the district court's vacatur of the award of punitive damages and remand for the district court to grant Black interest from the date of the "Interim" award. The remainder of the judgment is affirmed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[5] In Florida, a court confirming an arbitral award cannot grant *pre-award* interest unless authorized in the award itself. *Goldberger v. Hofco, Inc.*, 422 So. 2d 898, 900 (Fla. 4th DCA 1982).