

# NUMBER 13-10-00504-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CIRCLE ZEBRA FABRICATORS, LTD., BY
AND THROUGH ITS GENERAL PARTNER
CIRCLE ZEBRA FABRICATORS MANAGEMENT,
L.L.C.,                                                            **Appellant,**

**v.**

AMERICAS WELDING CORP., RAUL CASTILLO,
SR., JORGE MANUEL GARCIA, AND
KEPPEL AMFELS, INC.,                                    **Appellees.**

### On Appeal from the County Court at Law No. 1
### of Nueces County, Texas.

# NUMBER 13-10-00591-CV

# IN RE CIRCLE ZEBRA FABRICATORS, LTD.,
# BY AND THROUGH ITS GENERAL PARTNER CIRCLE ZEBRA
# FABRICATORS MANAGEMENT, L.L.C.

### On Petition for Writ of Mandamus

## Before Justices Garza, Benavides and Vela
## Memorandum Opinion by Justice Garza

Circle Zebra Fabricators, Ltd., by and through its general partner Circle Zebra Fabricators Management, L.L.C. ("Circle Zebra"), seeks to set aside an order compelling arbitration by appeal in appellate cause number 13-10-00504-CV and by petition for writ of mandamus in appellate cause number 13-10-00591-CV. We dismiss the appeal and deny the petition for writ of mandamus.

### I. BACKGROUND

Circle Zebra executed a Master Service Agreement (the "agreement") with Keppel Amfels, Inc. ("Keppel Amfels") through which Circle Zebra agreed to provide certified welders to Keppel Amfels for work at Keppel Amfels's shipyard in Brownsville, Texas. In order to meet its obligations under the agreement, Circle Zebra purchased equipment, obtained marine insurance, and employed approximately 100 welders. According to Circle Zebra's first amended original petition, it invested more than $1,000,000 to perform the agreement. At this time, Raul Castillo Sr. served as Circle Zebra's "chief foreman manager" and ran Circle Zebra's business operations in South Texas. Circle Zebra also employed LR Global, L.L.C.,[1] which served as a business consultant regarding these relationships.

Circle Zebra's employees began working for Keppel Amfels. At Keppel Amfels's request, Circle Zebra met with Jorge Manuel Garcia and representatives of Americas Welding Corporation ("Americas Welding"). According to Circle Zebra's first amended petition, the "purpose of the meeting . . . was to enhance the labor force available to . . .

---

[1] LR Global, L.L.C. is not a party to this appeal or original proceeding.

2

Keppel Amfels by utilizing Mexican Nationals." Circle Zebra refused to hire Americas Welding's personnel. According to Circle Zebra, Castillo, Garcia, and Americas Welding then entered into a conspiracy to convert Circle Zebra's equipment and personnel to their use, and this conspiracy was joined by Keppel Amfels, who "allowed this . . . conduct to occur motivated solely by retaliation for [Circle Zebra's] refusal to hire said Mexican Nationals." Circle Zebra filed suit against Americas Welding, Castillo, Garcia, Keppel Amfels, and LR Global, L.L.C. for causes of action including, inter alia, tortious interference, fraud, breach of contract, conversion, and breach of fiduciary duty.

The agreement between Circle Zebra and Keppel Amfels contained an arbitration clause:

> ALL CLAIMS, DISPUTES[,] OR CONTROVERSIES ARISING OUT OF, OR IN RELATION TO THE INTERPRETATION, APPLICATION[,] OR ENFORCEMENT OF THIS AGREEMENT, SHALL BE DECIDED BY ARBITRATION UTILIZING A SINGLE ARBITRATOR IN ACCORDANCE WITH THE CONSTRUCTION INDUSTRY RULES OF THE AMERICAN ARBITRATION ASSOCIATION. THE ARBITRATOR SHALL BE EXPERIENCED IN THE OFFSHORE INDUSTRY AND SHALL NOT BE A PRACTICING ATTORNEY. THE ARBITRATION SHALL BE HELD IN HOUSTON, TEXAS. THE DECISION OF THE ARBITRATOR SHALL BE FINAL[,] BINDING[,] AND ENFORCEABLE IN ANY COURT OF COMPETENT JURISDICTION AND THE PARTIES AGREE THAT THERE SHALL BE NO APPEAL FROM THE ARBITRATOR'S DECISION.

Based on this provision, Keppel Amfels filed a motion to compel arbitration and an amended motion to compel arbitration. The non-signatories to the agreement, Americas Welding, Castillo, and Garcia, also filed a joint motion to compel arbitration based on this language in the agreement.

Following an evidentiary hearing, the trial court granted Keppel Amfels's motion by written order rendered on June 11, 2009, and granted the non-signatories' motion to compel arbitration by order rendered on August 7, 2010. Each of these orders stayed

3

the trial court proceedings pending results of the arbitration. This appeal and original proceeding ensued. The matter has been fully briefed on appeal, and the Court requested and received a response to the petition for writ of mandamus.

Circle Zebra attacks the trial court's orders on multiple grounds. Its arguments include, but are not limited to, contentions that: its claims should not be arbitrated because they are not based on the agreement with Keppel Amfels; the agreement was unconscionable insofar as it, for example, purports to eliminate the right to appeal the results of the arbitration; and its claims against the non-signatories to the agreement should not be arbitrated because there is no agreement to arbitrate with them and the agreement itself provides that it shall not "be construed to confer any benefit on any third party . . . nor shall it provide any rights to such third party to enforce its provisions."

## II. APPEAL

Appellee, Keppel Amfels, has filed a motion to dismiss the appeal in cause number 13-10-00504-CV on grounds that the orders compelling arbitration are interlocutory orders which are not subject to appeal. A party may not appeal an interlocutory order unless authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355, 359 (Tex. 2001). We construe statutes granting interlocutory appeals strictly because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

An order compelling arbitration and staying proceedings in district court is not subject to interlocutory appeal under either the federal or state arbitration schemes. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 31-32 (Tex. 2007) (per curiam) (explaining

4

that neither the Federal Arbitration Act nor the Texas Arbitration Act allow interlocutory appeals from orders compelling arbitration); *Abdel Hakim Labidi v. Sydow*, 287 S.W.3d 922, 926 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (combined appeal & orig. proceeding); *see also* 9 U.S.C. § 16(a) (specifying which orders under the Federal Arbitration Act are subject to appeal); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon 2008) (omitting orders compelling arbitration from delineated categories of appealable interlocutory orders); TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2010) (providing that a party may appeal from a "judgment or interlocutory order . . . under the same circumstances that an appeal from a federal district court's order or decision would be permitted by" the Federal Arbitration Act); TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1), (2)  (Vernon 2008) (specifying which orders under the Texas Arbitration Act are subject to appeal).  Instead, orders compelling arbitration and staying litigation are subject to appeal after the rendition of final judgment.  *See Perry Homes v. Cull*, 258 S.W.3d 580, 587 (Tex. 2008); *Chambers*, 242 S.W.3d at 32.  Accordingly, we grant the motion to dismiss filed by Keppel Amfels and we dismiss the appeal in cause number 13-10-00504-CV for want of jurisdiction.

### III. MANDAMUS

Mandamus is an "extraordinary" remedy.  *In re Sw. Bell Tel. Co.*, *L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).  To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462

5

(Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

Historically, mandamus was treated as an extraordinary writ that would issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker*, 827 S.W.2d at 840. Now, in some as yet not completely defined set of cases, whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136.

Under previous law, mandamus was available to review orders either compelling or denying arbitration under the Federal Arbitration Act. *See Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994). However, in 2006, in order to ensure consistency between federal and state procedures, the Texas Supreme Court held that mandamus was generally not available to review orders compelling arbitration so that federal and state procedure would be consistent. *See In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding). In *Palacios*, the Texas Supreme Court noted that mandamus relief might be available, but only if the party seeking relief from an order staying a case for arbitration meets the "particularly heavy" burden to show "clearly and indisputably that the district court did not have the discretion to stay the proceedings pending arbitration." *Id.* (quoting *Apache Bohai Corp. v. Texaco China, B.V.*, 330 F.3d 307, 310-11 (5th Cir. 2003)). The Texas Supreme Court recently reaffirmed this proposition and clarified that "this 'exception' applies not to the question whether an order compelling arbitration was correct, but to the question whether the case should have been dismissed rather than stayed." *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 841 (Tex. 2009) (orig. proceeding); *see Small v. Specialty Contrs., Inc.*, 310 S.W.3d 639, 642 (Tex. App.–Dallas 2010, no pet.) ("Courts may review an order compelling arbitration if the order also dismisses the entire case and is therefore a final, rather than interlocutory, order.").

Moreover, even if a case falls within the foregoing parameters for mandamus review, mandamus is nonetheless "generally unavailable" because petitioners can "rarely" show that they lack an adequate remedy by appeal. *See In re Gulf Exploration, LLC,* 289 S.W.3d at 842. Generally, the adequacy of an appellate remedy "depends on

7

a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding"; however, because both the federal and state arbitration acts specifically exclude immediate review of orders compelling arbitration, "any balancing must tilt strongly against mandamus review." *Id.* Nevertheless, the supreme court held that mandamus review may be appropriate "in those rare cases when legislative mandates conflict." According to the supreme court, "such conflicts are few, so the balance will generally tilt toward reviewing orders compelling arbitration only on final appeal." *Id.* In such cases, "mandamus may be essential to preserve important substantive and procedural rights from impairment or loss [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* at 843 (quoting *In re Prudential Ins. Co.*, 148 S.W.3d at 136). The court further noted that delay and expense, standing alone, generally do not render appeal after a final judgment to be an inadequate remedy, and this is particularly true in arbitration cases "because arbitration clauses are usually contractual and cover contractual claims," and a "party that prevails on a contractual claim can recover its fees and expenses, even if they were incurred in collateral proceedings like arbitration." *Id.* (citations omitted).

In the instant case, Circle Zebra's petition for writ of mandamus does not address the adequacy of its remedy by appeal. Following oral argument in this cause, Circle Zebra filed an opposed motion to supplement or amend its petition to address this issue. According to Circle Zebra's motion and attached "First Supplement to its Petition for Writ of Mandamus," mandamus is appropriate and an appeal following arbitration is inadequate because Circle Zebra has been "put out of business," and its cause of action

8

does "not arise from or rely on the contract containing the arbitration clause." Circle Zebra further contends that the Master Service Agreement expressly states that it does not confer benefits on third parties and it does not provide rights to third parties to enforce its provisions, and accordingly, the non-signatory defendants should not be able to enforce the arbitration clause in that agreement. Finally, Circle Zebra contends that:

> [W]here there is no signed agreement with the non-signatory defendants, and Circle Zebra has been put out of business, Circle Zebra does not have an adequate remedy at law and the order compelling arbitration is reviewable by this court.

> Further, the effect of ordering a company that has been put out of business to arbitration, where there is no arbitration agreement and[] the agreement relied on says it cannot be enforced by third parties, is essentially a final order that equitably should be the subject of an appeal.

Each of these issues was extant and could have been addressed in Circle Zebra's petition for writ of mandamus before the real parties in interest filed their responses to the petition for writ of mandamus and before this matter was submitted to the Court at oral argument. Therefore, we deny Circle Zebra's motion to supplement or amend its petition for writ of mandamus to discourage the practice of waiting until after oral argument to raise and address an issue which must be established as a necessary part of the petition for writ of mandamus. *See Walker*, 827 S.W.2d at 840-42 (stating that the relator bears the burden to show that remedies other than mandamus are inadequate); *In re Christus Health*, 276 S.W.3d 708, 710 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding) (same); *In re William Roberts*, 18 S.W.3d 736, 738 (Tex. App.– San Antonio 2000, orig. proceeding) (same). Yet, even if we had granted leave for Circle Zebra to supplement or amend its petition, we would not have found that Circle

Zebra met its burden to prove that its appellate remedy was inadequate as a matter of law.

Because both the federal and state arbitration acts specifically exclude immediate review of orders compelling arbitration, our analysis regarding the adequacy of Circle Zebra's remedy by appeal "tilts strongly against mandamus review." *See In re Gulf Exploration, LLC*, 289 S.W.3d at 842. The matter does not involve conflicting legislative mandates. *See id.* at 843. Delay and expense, standing alone, generally do not render appeal after a final judgment to be an inadequate remedy, and this is particularly true in the instant case because it is, at least in part, based on a contractual dispute, and a "party that prevails on a contractual claim can recover its fees and expenses, even if they were incurred in collateral proceedings like arbitration." *See id.* In sum, Circle Zebra has not carried its burden to show that it lacks an adequate remedy by appeal. *Compare id. and Abdel Hakim Labidi*, 287 S.W.3d at 926 (concluding that there was an adequate remedy by appeal for an order compelling arbitration where clients sued their lawyers for breach of contract and breach of fiduciary duty) *with In re Sthran*, 327 S.W.3d 839, 846 (Tex. App.–Dallas 2010, orig. proceeding) (concluding that relator lacked an adequate remedy by appeal where "legislative mandates might be construed to conflict" and it was "not clear that any fees and expenses incurred as a result of arbitration [would] be recoverable" in a tort action), *and In re Villanueva*, 311 S.W.3d 475, 483-84 (Tex. App.–El Paso 2009, orig. proceeding) (concluding that relator lacked an adequate remedy by appeal where relator would not be able to recover fees and expenses in tort action and, more

compellingly, because the case involved "conflicting rulings" which were "significant rulings in exceptional cases"). Accordingly, we deny the petition for writ of mandamus.

## IV. CONCLUSION

The Court, having examined and fully considered the matters in these causes, is of the opinion that it lacks jurisdiction over the appeal in appellate cause number 13-10-00504-CV and that the petition for writ of mandamus in appellate cause number 13-10-00591-CV should be denied. In so holding, we note that the writ of mandamus is a discretionary writ, and its denial, without comment on the merits, does not deprive an appellate court from considering the matter in a subsequent appeal. *Chambers*, 242 S.W.3d at 32; *see In re AIU Ins. Co.*, 148 S.W.3d 109, 119 (Tex. 2004) (stating that the "failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available"). Similarly, although the language in the arbitration agreement provides that "[t]he decision of the arbitrator shall be final[,] binding[,] and enforceable in any court of competent jurisdiction and the parties agree that there shall be no appeal from the arbitrator's decision," this language indicates that a party may not appeal the merits of the arbitration; not that the parties agreed to waive the right to appeal the trial court's decision to compel arbitration, or that the parties waived the right to appeal the district court's judgment confirming or vacating the arbitration decision. *See In re Gulf Exploration, LLC,* 289 S.W.3d at 842 ("If a trial court compels arbitration when the parties have not agreed to it, that error can unquestionably be reviewed by final appeal."). As acknowledged by Keppel Amfels in its response to the petition for writ of mandamus, the "no appeal" language does not affect Circle Zebra's ability to vacate or

11

modify an arbitration award on grounds listed in the Texas Arbitration Act or the Federal Arbitration Act. *See* 9 U.S.C. §§ 10, 11; TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088, 171.091 (Vernon 2005); *Silicon Power Corp. v. GE Zenith Controls, Inc.*, 661 F. Supp. 2d 524, 538 (E.D. Pa. 2009); *see also Rollins, Inc. v. Black*, 167 Fed. Appx. 798, 2006 WL 355852, at *1 n.1 (11th Cir. 2006) (per curiam, not designated for publication) ("A 'binding, final, and non-appealable' arbitral award . . . simply means the parties have agreed to relinquish their right to appeal the merits of their dispute; it does not mean the parties relinquish their right to appeal an award resulting from an arbitrator's abuse of authority, bias, or manifest disregard of the law."); *Barsness v. Scott*, 126 S.W.3d 232, 238 (Tex. App.–San Antonio 2003, pet. denied) (holding that a "no appeal" provision in an arbitration agreement did not preclude review of a judgment on fraud, misconduct or gross mistake, or those grounds for vacatur or modification listed in the Texas Arbitration Act). Accordingly, we dismiss the appeal and deny the petition for writ of mandamus.

DORI CONTRERAS GARZA
JUSTICE

Delivered and filed the
17th day of March, 2011.

12