NOT PREDECENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1506
_____

NEURONETICS INC.

v.

PATRICIA F. FUZZI,
                          Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-12-cv-06858)
District Judge:  Honorable Joel A. Pisano

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 13, 2014

Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: January 24, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Patricia Fuzzi appeals the District Court's order granting the

application of Neuronetics, Inc. to confirm an arbitration award.  For the reasons detailed

below, we will affirm.

1

These proceedings arise out of a commercial dispute between the parties. In June 2010, Fuzzi, a licensed psychologist, entered into a contract with Neuronetics to purchase a NeuroStar TMS Therapy System and SenStar Treatment Links. These products were marketed for the treatment of depression. Fuzzi agreed to pay $89,312.75 for the products, and the parties further agreed to submit any disputes to arbitration.

After receiving the products from Neuronetics, Fuzzi refused to make payment. Fuzzi now raises a number of complaints about Neuronetics and the products, such as that Neuronetics failed to provide the marketing support it had promised, that the products were not effective in treating depression, and that Neuronetics had sold her the products despite knowing that, since she was not a medical doctor, she was not authorized to use them; there is no evidence in the record concerning which of these complaints, if any, Fuzzi raised contemporaneously. In any event, in response to Fuzzi's non-payment, Neuronetics initiated arbitration.

After some preliminary proceedings with the parties, the arbitrator — the Honorable Thomas A. Wallitsch, a former judge of the Lehigh County Court of Common Pleas — scheduled a merits hearing for September 6, 2012. Neuronetics attended that hearing; Fuzzi did not. After the hearing, the arbitrator issued an award in favor of Neuronetics in the amount of $109,322.60, representing the unpaid balance of the contract and interest.

Neuronetics then filed an application in the District Court to confirm the arbitrator's award, which Fuzzi opposed. The Court granted Neuronetics's application, and Fuzzi filed a notice of appeal to this Court.[1]

We have jurisdiction under 9 U.S.C. § 16(a)(1)(D). We review the District Court's legal conclusions de novo and its factual findings for clear error. Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012). Our review of the arbitration award is even more deferential — "[w]e will vacate an award only under the exceedingly narrow circumstances listed in 9 U.S.C. § 10(a)," or to "correct a manifest disregard of the law." Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013) (internal quotation marks, alterations omitted).

On appeal, Fuzzi argues that the arbitrator's factual findings were "based on false and one-sided information," and that her contract with Neuronetics should be "null and void" because Neuronetics misled her about the products and the support it would provide. These arguments, however, should have been presented to the arbitrator. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449 (2006) ("a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"). In general, "[t]o the extent that a particular issue is arbitrable, . . . a party cannot refuse to participate in arbitration or fail in arbitration to raise a particular

_____

[1] Fuzzi's notice of appeal was filed after the expiration of the 30-day appeal period. See Fed. R. App. P. 4(a)(1). The District Court, however, subsequently granted Fuzzi's motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5), properly finding that she met the requirements for such an extension. Fuzzi's appeal is thus timely, and Neuronetics's motion to dismiss for lack of jurisdiction — which Neuronetics filed before the District Court granted Fuzzi's Rule 4(a)(5) motion — is denied.

3

argument concerning the merits of the grievance and later seek judicial resolution of that same issue." Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1101 (8th Cir. 2004); see also Dean v. Sullivan, 118 F.3d 1170, 1172 (7th Cir. 1997). Here, even assuming that Fuzzi has not waived these arguments, she is entitled to relief only if she demonstrates that the arbitrator "decide[d] an issue not submitted to him, grant[ed] relief in a form that cannot be rationally derived from the parties' agreement and submissions, . . . issue[d] an award that is so completely irrational that it lacks support altogether," Sutter, 675 F.3d at 219, or acted with "manifest disregard for the law," Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003) (internal quotation marks omitted). She has failed altogether to satisfy those standards.[2]

Fuzzi also argues that she was unable to present her defenses to the arbitrator because she could not afford to pay the arbitrator's fees. This argument lacks merit. As an initial matter, Fuzzi has not shown that the arbitrator was not paid, and Neuronetics represents that it advanced the funds to pay for arbitration. Thus, arbitration would have proceeded (and in fact did proceed) even without payment from Fuzzi. Fuzzi also has not shown that any nonpayment by her prevented her from appearing at the arbitration and presenting a defense. To the contrary, the Commercial Rules of the American Arbitration Association (AAA) — which were applicable here — expressly state that, notwithstanding nonpayment, "[i]n no event . . . shall a party be precluded from

---

[2] We recognize that Fuzzi did not attend the arbitration or present evidence to the arbitrator. However, courts often enforce arbitration awards notwithstanding one party's failure to attend, see, e.g., Dean, 118 F.3d at 1172-73, and Fuzzi's nonattendance, standing alone, thus provides no basis to vacate the award.

4

defending a claim or counterclaim." AAA R-57(b). Therefore, Fuzzi could and should have raised her defenses before the arbitrator. See generally Dean, 118 F.3d at 1172 ("A disputant cannot stand by during arbitration, withholding certain arguments, then, upon losing the arbitration, raise such arguments in federal court".

We will therefore affirm the District Court's judgment.