

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2009

# Southco Inc v. Reell Precision Mfg

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2915

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Southco Inc v. Reell Precision Mfg" (2009). *2009 Decisions.* Paper 1180.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1180

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2915
_____

SOUTHCO, INC.

v.

REELL PRECISION MANUFACTURING CORPORATION,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-08-cv-00189
District Judge: The Honorable J. Curtis Joyner

_____

Argued April 16, 2009

Before: MCKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: June 16, 2009)

James C. McConnon (Argued)
Antranig Baronian
Alex R. Sluzas
Paul & Paul
2000 Market Street Ste 2900
Philadelphia, PA 19103
*Counsel for Southco, Inc.*

David R. Marshall (Argued)
Joseph John Cassioppi
Leah C. Janus
Joseph M. Sokolwski

Fredrikson & Byron
200 South Sixth Street Ste 4000
Minneapolis, MN 55402
*Counsel for Reell Precision Manufacturing Corporation*

Lee Applebaum
Fineman, Krekstein & Harris
1735 Market Street
Mellon Bank Center Ste 600
Philadelphia, PA 19103
*Counsel for Reell Precision Manufacturing Corporation*

John J. Murphy, III
Neal R. Troum
Stradley, Ronon, Stevens & Young
200 Lake Drive East
Woodland Falls Corporate Park, Ste 100
Cherry Hill, NJ 08002
*Counsel for Reell Precision Manufacturing Corporation*

---

OPINION

---

SMITH, *Circuit Judge.*

Reell Precision Manufacturing Corporation (Reell) appeals from a District Court judgment confirming an arbitration award in favor of Southco, Inc. (Southco). According to Reell, the arbitrators exceeded their powers so that the award in favor of Southco should be vacated. Southco counters that we should dismiss Reell's appeal because the parties contractually waived appellate review of the District Court's judgment. Southco also argues that, in any event, the arbitrators did not exceed their powers and that the District Court did not err in confirming their award.

Because the parties did not agree to waive the right to appeal from the District

2

Court's judgment, we will deny Southco's motion to dismiss. But mindful of the deferential standard with which federal courts must review an arbitral award, we will affirm the District Court's confirmation of the award.

## I.

In 2002, Reell and Southco entered into an agreement to jointly develop, manufacture, and market a friction hinge. They amended their agreement in 2004 to scale back their collaboration. The amended 2004 agreement (the Agreement) contains the provisions at issue in this case. In 2006, Southco filed a demand for arbitration pursuant to Article IX of the Agreement. According to Southco, Reell had breached the Agreement by soliciting a major automotive supplier to buy hinges directly from Reell instead of through Southco.

Three arbitrators (the Arbitrators) were appointed in accordance with rules designated in the Agreement. They heard testimony over five days in September 2007. On December 11, 2007, they issued a unanimous decision awarding Southco $2,000,000 in lost profits damages (the Award).

Southco filed a petition to confirm the Award in the United States District Court for the Eastern District of Pennsylvania in January 2008. Reell responded with a motion to vacate. On May 29, 2008, the District Court filed an order denying Reell's motion and confirming the Award. Reell appealed from the District Court's judgment in June 2008 and Southco moved to dismiss the appeal.

## II.

The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. Ordinarily, we exercise appellate jurisdiction over the District Court's judgment pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D).[1] Southco disputes appellate jurisdiction, however.

## III.

### A.

Southco asks that we dismiss this appeal on the ground that we do not have jurisdiction to review the judgment of the District Court. According to Southco, the parties waived appellate review in a "non-appealability" clause of Agreement Section 9.1.[2] To support its position that contracting parties may waive appellate review of a judgment on an arbitration award, and that the parties did so here, Southco invokes *MACTEC, Inc. v. Gorelick*, 427 F.3d 821 (10th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006) (holding that contracting parties may waive appellate review of a district court judgment on an arbitration award).

---

[1] "An appeal may be taken from . . . an order . . . confirming . . . an award or partial award . . . ." 9 U.S.C. § 16(a)(1)(D).

[2] Section 9.1 (Arbitration) of the Agreement provides in relevant part:
Any claim, controversy or dispute arising out of or relating to this Agreement or any interpretation or breach thereof or performance under this Agreement, including without limitation any dispute concerning the scope of this arbitration provision, shall be settled exclusively by submission to final, binding and non-appealable arbitration ("Arbitration") for determination, without any right by any Party to a trial de novo in a court of competent jurisdiction, after a 25-calendar day waiting period (the "Waiting Period") subject to Section 9.4.

4

In *MACTEC*, the Tenth Circuit concluded that "the parties' contract expressly provided that *the district court's judgment* would be both 'final' and 'nonappealable.'" *Id.* at 830 (emphasis added). The contract provision at issue there stated in relevant part: "*Judgment* upon the award rendered by the arbitrator *shall be final and nonappealable and may be entered in any court having jurisdiction thereof.*" *Id.* at 827 (emphasis added). In contrast, the non-appealability clause of Agreement Section 9.1 which is now before us does not reference the judgment of the district court; it references the *arbitration* itself, providing that the arbitration is "final, binding and non-appealable . . . without any right by any party to a trial <u>de novo</u> . . . ." And generally, a contract provision stating that arbitration is "non-appealable" signifies that the parties to the contract may not appeal the merits of the *arbitration*; not that the parties agree to waive a right to appeal the district court's judgment confirming or vacating the arbitration decision. *See Tabas v. Tabas*, 47 F.3d 1280, 1288 (3d Cir. 1995) (en banc) (observing that, where a contract provided for "final, binding, and non-appealable" arbitration, the Court must adhere to the arbitration decision on the merits); *see also Rollins, Inc. v. Black*, No. 04-15876, 2006 WL 355852, at *1 n.1 (11th Cir. Feb. 17, 2006) ("[A 'binding, final, and non-appealable' arbitral award] simply means the parties have agreed to relinquish their right to appeal the merits of their dispute; it does not mean the parties relinquish their right to appeal an award resulting from an arbitrator's abuse of authority . . . .").

Although the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, limits the scope of judicial review of an arbitration award, it allows a district court to vacate an award if the

5

arbitrators exceed the scope of their powers, 9 U.S.C. § 10(a)(4), as alleged in this case by Reell. The FAA also provides that an appeal may be taken from an order confirming an award. 9 U.S.C. § 16(a)(1)(D). Moreover, the Agreement in this case, which binds two sophisticated parties, recognizes the difference between the arbitration award, on one hand, and the judgment of the District Court upon that award, on the other. Section 9.7 provides that "*judgment* upon the arbitration award may be entered in the United States District Court for the Eastern District of Pennsylvania . . . ." The parties might have sought to foreclose appeal from the District Court's judgment, as was the case in *MACTEC*, but they did not do so. We conclude that the Agreement does not waive appellate review of the District Court's judgment. *See, e.g., MACTEC*, 427 F.3d at 830 (holding that the parties' intent to waive appellate review of the district court's judgment on the arbitration award must be "clear and unequivocal").[3] We will, therefore, deny Southco's motion to dismiss, and we exercise jurisdiction under 9 U.S.C. § 16(a)(1)(D).[4]

---

[3] Because we conclude that there is no waiver of appellate review, we need not reach the questions of whether parties may contractually waive such review of a district court's judgment on an arbitration award, and if so, how such a waiver is effected.

[4] Reell also cites the New Jersey case, *Van Duren v. Rzasa-Ormes*, 926 A.2d 372 (N.J. Super. Ct. App. Div. 2007), to support its argument that the non-appealability clause of Section 9.1 waives appellate review of the District Court's judgment. In *Van Duren*, the New Jersey Superior Court decided that a broad non-appealability clause waived appellate review of the trial court's judgment. The clause in *Van Duren* provided that the "arbitrator's determination" was "not subject to an appeal to any authority in any forum."*Id.* at 375. *Van Duren* is distinguishable from the instant case, however, because the issue appealed there was not allowable under the applicable arbitration statute. *Id.* at 382 ("[D]efendant has appealed . . . alleging none of the 'rare circumstances' . . . that might otherwise compel us to exercise limited appellate view [sic]. Accordingly, we lack jurisdiction over defendant's appeal . . . ."). Reell, on the other hand, proffers an

6

B.

In its appeal, Reell argues that the Arbitrators exceeded their powers by awarding lost profits to Southco. Preliminarily, we note that the FAA creates a strong presumption in favor of enforcing arbitration awards. *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005) ("[A]n award is presumed valid unless it is affirmatively shown to be otherwise, and the validity of an award is subject to attack only on those grounds listed in 9 U.S.C. § 10, or if enforcement of the award is contrary to public policy." (footnote omitted)). In reviewing a district court decision concerning the validity of an arbitration award, our assessment of the arbitrators' actions is governed by the same standard that governed the district court's review, and we exercise plenary review over the district court's decision. *Metromedia Energy, Inc. v. Enserch Energy Servs., Inc.*, 409 F.3d 574, 578–79 (3d Cir. 2005). Review of arbitration awards under the FAA is "extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). Vacatur is appropriate only in "exceedingly narrow" circumstances, such as where arbitrators are partial or corrupt, or where an arbitration panel manifestly disregards, rather than merely erroneously interprets, the law. *See id.*; *see also Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533 (3d Cir. 1985) (stating that error of law is an insufficient basis for vacatur); *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 302 (3d Cir. 1982) ("[I]f the arbitrator's 'interpretation [of the agreement] can in any rational way be derived from the agreement,' courts must

argument that is cognizable under the FAA: that the Arbitrators exceeded their powers.

7

enforce the award."). If the arbitrators' award draws its essence from the agreement, then they did not exceed their powers. *Mobil Oil*, 679 F.2d at 302.

Reell does not suggest corruption or partiality, but argues that the Arbitrators exceeded their powers so that the Award should be vacated under 9 U.S.C. § 10(a)(4). According to Reell, Section 7.5 precludes lost profits damages, providing in pertinent part that "IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER PARTY . . . FOR ANY . . . LOSS OF . . . PROFITS . . . HOWEVER CAUSED . . . ."[5] Reell contends that, under the terms of the Agreement, Southco is entitled only to non-monetary remedies in the event of breach or non-performance of the Agreement.

But the Arbitrators decided to award Southco lost profits because they concluded that the limitation of liability in Section 7.5 applied only to Article VII (Indemnification) of the Agreement. They reasoned that if Section 7.5 applied to the entire Agreement, then it would conflict with Section 9.7, which they understood to allow any relief except punitive damages.[6]

---

[5] Section 7.5 (Limitation of Liability) of the Agreement provides:
EXCEPT WITH RESPECT TO EITHER PARTY'S INDEMNIFICATION OBLIGATIONS UNDER SECTIONS 7.1(ii) AND 7.2(ii) RESPECTIVELY, IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER PARTY OR ANY OTHER PERSON OR ENTITY IN CONNECTION WITH THIS AGREEMENT FOR ANY SPECIAL, CONSEQUENTIAL, INCIDENTAL OR RELIANCE DAMAGES (OR ANY LOSS OF REVENUE, PROFITS OR DATA), HOWEVER CAUSED . . . FOR BREACH OF CONTRACT . . . .
(Capitalization in original.)

[6] Section 9.7 of the Agreement provides in relevant part:
Subject to the limitations imposed by Section 9.4, the arbitrators shall have

Reell counters that there is no conflict between Sections 7.5 and 9.7. Section 9.7 is "[s]ubject to the limitations imposed by Section 9.4," and Section 9.4 states that the Arbitrators "shall base their decision on the express terms, covenants and conditions of this Agreement." For Reell, this latter qualification includes the express terms in Section 7.5 precluding lost profits so that the limitations in Section 7.5 qualify, rather than conflict with, the remedies available through Section 9.7.

Reell's argument does not prevail over the strong presumption in favor of enforcing an arbitration award and the "extremely deferential" standard under which courts must review arbitration decisions. Here, the Agreement is effectively the law of the case. Even if the Arbitrators erred in their interpretation of the Agreement, a mere error is not enough to justify vacating the Award. Because the Arbitrators' decision is based on a reasoned interpretation of the Agreement, we conclude that the decision was rationally derived from the Agreement, and we will affirm the District Court's judgment confirming the Award.[7]

the power to grant any and all relief and remedies, whether at law or in equity, that the courts in the Commonwealth of Pennsylvania may grant and such other relief as may be available under the Commercial Rules, other than punitive damages. Any award of the arbitrators shall include pre-award and post-award interest at a rate or rates considered just under the circumstances by the arbitrators.

[7] Southco further argues that Reell's appeal is frivolous. We reject Southco's argument on this point. An appeal is frivolous when it is wholly without merit. *Quiroga v. Hasbro, Inc.*, 943 F.2d 346, 347 (3d Cir. 1991). Although Reell's argument fails to show that the Award cannot be rationally derived from the Agreement, it plausibly suggests at least an error in interpreting the Agreement and thus was not so devoid of substance as to be wholly without merit.