DA 13-0307

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 358

SHERRI ROBERTS,

      Plaintiff and Appellant,

   v.

LAME DEER PUBLIC SCHOOL DISTRICT #6,
Rosebud County,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DV 2010-64
Honorable George Huss, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Richard O. Harkins; Attorney at Law; Ekalaka, Montana

      For Appellee:

          Jeff A. Weldon; Felt, Martin, Frazier & Weldon, P.C.;
Billings, Montana

Submitted on Briefs:  October 30, 2013
Decided:  December 3, 2013

Filed:

———————————————————
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    Sherri Roberts (Roberts) appeals from an order of the Sixteenth Judicial District Court, Rosebud County, denying her petition to have an arbitration award vacated, modified, or corrected. We affirm.

## ISSUE

¶2    The dispositive issue on appeal is whether the District Court's refusal to vacate, modify, or correct the arbitration award was an abuse of discretion.

## BACKGROUND

¶3    Beginning in the fall of 2005, Roberts was employed as a vocational agriculture instructor at the Lame Deer High School. She also served as faculty adviser for the school's chapter of the National FFA Organization (formerly known as Future Farmers of America). She was suspended with pay on August 12, 2009, and her employment was terminated on November 16, 2009. Roberts appealed her termination to binding arbitration pursuant to the terms of a collective bargaining agreement between the Lame Deer Education Association, MEA-MFT, of which Roberts was a member, and Lame Deer School District No. 6 (School District). The parties selected Arbitrator Michael D. McDowell (Arbitrator), and he conducted hearings on August 10, 11, and 13, 2010.

¶4    On November 13, 2010, the Arbitrator issued a decision denying Roberts' grievance. The Arbitrator concluded that the School District had afforded Roberts due process of law, the School District had good cause to discipline Roberts, and the discipline of discharge should not be reduced. On December 20, 2010, Roberts filed a petition to vacate, modify, or correct the arbitration award in the District Court. The

District Court denied Roberts' petition and upheld the arbitration award on April 1, 2013. The District Court concluded that the Arbitrator had not exceeded his powers, and that Roberts had failed to meet her statutory burden of proving that a ground for vacating, correcting, or modifying the award existed. The District Court acknowledged Roberts' argument that a different result could have been reached by the Arbitrator, but declined to substitute its determination for that of the Arbitrator or to revisit the merits of the controversy.

¶5 Roberts contends on appeal that the District Court abused its discretion in failing to vacate or modify the award because the District Court did not carefully evaluate the facts found by the Arbitrator and failed to "properly scrutinize all prior proceedings by the sweeping determination that the arbitrators [sic] facts and findings were conclusive." Roberts argues that the School District fraudulently misled her, that her actions did not constitute insubordination, and that the School District did not have good cause to suspend her. She argues the suspension was based on an improper and illegal motive.

¶6 The School District counters that the District Court properly upheld the award because Roberts failed to establish any of the limited grounds upon which modification or correction may be premised under § 27-5-313(1), MCA, and failed to meet her burden of proving a ground to vacate the award under § 27-5-312(1), MCA.

## STANDARD OF REVIEW

¶7 Judicial review of an arbitration award is strictly limited by statute in Montana. *Colstrip Energy L.P. v. N.W. Corp.*, 2011 MT 99, ¶ 17, 360 Mont. 298, 253 P.3d 870 (internal citations omitted). When a matter has been submitted to binding arbitration,

3

courts are not permitted to review the merits of the controversy, but may only confirm, vacate, modify, or correct an arbitration award pursuant to §§ 27-5-311, -312, and -313, MCA. *Colstrip Energy*, ¶ 17 (internal citations omitted). We review a trial court's decision to confirm an arbitration award to determine if the court abused its discretion. The test for an abuse of discretion is whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice. *Colstrip Energy*, ¶ 18 (internal citations omitted). We can only review whether the District Court abused its discretion in confirming the arbitration award; we cannot review the merits of the controversy. *Colstrip Energy*, ¶ 19 (internal citations omitted).

## DISCUSSION

¶8 *Whether the District Court's refusal to vacate, modify, or correct the arbitration award was an abuse of discretion.*

¶9 The party seeking to vacate, modify, or correct an arbitration award bears the burden of proving that one of the statutorily enumerated grounds exists. *Colstrip Energy*, ¶ 17 (internal citations omitted). Therefore, in order to trigger the District Court's authority to review the arbitration award, Roberts had to properly raise one of the specific grounds set forth in §§ 27-5-312 or -313, MCA. While she couches her argument in the language of § 27-5-312(1)(c) by claiming that "the arbitrator exceeded his powers," what she actually asks is that we reweigh the facts and the merits of the controversy.

¶10 Roberts presented the District Court with four grounds for vacating or modifying the arbitration award: (1) the Arbitrator exceeded his power in not following the

4

collective bargaining agreement's requirement that good cause exist before there may be a suspension with or without pay; (2) the Arbitrator exceeded his power in allowing the School District to consider alleged insubordination from before and after Roberts' termination; (3) the Arbitrator exceeded his power by not differentiating between Roberts' teaching contract and her FFA advisor contract; and (4) the Arbitrator exceeded his power in asserting that Roberts was in control of funds that belonged to the FFA when she was only an advisor.

¶11    "An arbitrator exceeds his powers when he decides matters which were not submitted to him." *Terra W. Townhomes, L.L.C. v. Stu Henkel Realty*, 2000 MT 43, ¶ 27, 298 Mont. 344, 996 P.2d 866.   Here, the parties agreed to the issues that would be submitted to arbitration, namely whether Roberts was dismissed for good cause, and if not, what the appropriate remedy was.   These were the only matters the Arbitrator decided; thus, the District Court did not abuse its discretion by refusing to vacate or modify the award on the basis that the Arbitrator had exceeded his powers.

¶12    Roberts contends that notice and a hearing were required before she could lawfully be suspended.   In *Geissler v. Sanem*, 285 Mont. 411, 416, 949 P.2d 234, 237-38 (1997), we adopted the "manifest disregard of the law" standard of review for vacating arbitration decisions.   For reversal under this standard, an arbitrator must have been aware of a clearly governing principle of Montana law, but "blatantly refused to follow it." *Paulson v. Flathead Conserv. Dist.*, 2004 MT 136, ¶ 24, 321 Mont. 364, 91 P.3d 569 (internal citation omitted).   The District Court determined Roberts failed to meet the *Geissler* standard because she could not demonstrate a clearly governing principle in

5

Montana law that suspensions with pay require prior notice and hearing. It naturally follows that she failed to establish the two following requirements of *Geissler*, and thus, the District Court did not abuse its discretion in declining to vacate the award under this standard.

¶13 As for the factual grounds Roberts raised for modifying or vacating the arbitration award, the District Court concluded that these had been considered and expressly addressed by the Arbitrator, and that it was not the role of the court to substitute its determination for that of the Arbitrator or to revisit the merits of the controversy. As the District Court noted, modification or correction under § 27-5-313, MCA, was inappropriate because Roberts "essentially seeks a reversal of the award, which clearly would go to the merits of the decision rather than to matters of form." The District Court did not abuse its discretion in declining to revisit these issues. Requiring the District Court to conduct its own evidentiary hearing on an issue previously submitted to and determined in binding arbitration would undermine the finality and expediency provided by arbitration. *See Dick Anderson Constr., Inc. v. Monroe Constr. Co., LLC*, 2009 MT 416, ¶ 38, 353 Mont. 534, 221 P.3d 675.

¶14 For the foregoing reasons, we conclude that the District Court did not abuse its discretion in refusing to modify, correct, or vacate the Arbitrator's award. We therefore affirm the decision of the District Court.

/S/ PATRICIA COTTER

6

We concur:


/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE