**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION, | No. 11-17718 |
| | D.C. No. 2:06-cv-00225-PMP-PAL |
| CAROLYN BEASLEY BURTON; ROBERT MILLS; THE MILLS LAW FIRM, *Appellants*, | |
| v. | |
| CLASS COUNSEL AND PARTY TO ARBITRATION; ARBITRATOR, *Appellees*. | |

| | |
|---|---|
| IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION, | No. 11-17778 |
| | D.C. No. 2:06-cv-00225-PMP-PAL |
| CAROL POWELL LAPLANT, *Appellant*, | |
| v. | OPINION |
| CLASS COUNSEL AND PARTY TO ARBITRATION; ARBITRATOR, *Appellees*. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted
October 8, 2013—San Francisco, California

Filed December 17, 2013

Before: Dorothy W. Nelson, Milan D. Smith, Jr.,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Arbitration

Affirming the district court's confirmation of an arbitration award allocating attorneys' fees, the panel held that a non-appealability clause in an arbitration agreement that eliminates all federal court review of arbitration awards, including review under § 10 of the Federal Arbitration Act, is not enforceable.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Joshua D. Boxer (argued) and Robert W. Mills, The Mills Law Firm, San Rafael, California; Carolyn Beasley Burton, San Ramon, California, pro se, for Appellants Burton et al.

Carol P. LaPlant (argued), Berkeley, California, pro se Appellant.

Robert J. Bonsignore (argued), Bonsignore & Brewer, Belmont, New Hampshire, for Appellees.

---

**OPINION**

M. SMITH, Circuit Judge:

Appellants Carolyn Burton, Robert Mills, the Mills Law Firm, and Carol LaPlant (collectively, the Burton Group) appeal from the district court's confirmation of an arbitration award allocating attorneys' fees. The Burton Group contends that the district court erred in declining to vacate the arbitration award pursuant to § 10(a) of the Federal Arbitration Act (FAA), 9 U.S.C. § 10(a). Appellee Robert Bonsignore counters that we lack jurisdiction to hear this appeal because the parties agreed to binding, non-appealable arbitration. Alternatively, Bonsignore argues that the district court correctly found that there was no basis for vacatur under the FAA.

This appeal presents a question of first impression in this circuit: Is a non-appealability clause in an arbitration agreement that eliminates all federal court review of arbitration awards, including review under § 10 of the FAA,

enforceable?[1]  We conclude that it is not.  Accordingly, we proceed to the merits of the Burton Group's claims, and affirm the district court's confirmation of the arbitration award in a memorandum disposition filed contemporaneously with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a protracted dispute over attorneys' fees awarded in the Wal-Mart wage and hour multidistrict litigation, MDL 1735, in the United States District Court for the District of Nevada (the Wal-Mart Litigation).  On April 25, 2006, the district court appointed Robert Bonsignore and Carolyn Burton as plaintiffs' co-lead counsel.  Carol LaPlant was named liaison counsel for the Wal-Mart Litigation.

On December 14, 2008, the parties to the Wal-Mart Litigation participated in a mediation with the Honorable Layn R. Phillips (retired).  The parties agreed to a global settlement (Settlement Agreement) whereby Wal-Mart agreed to pay up to $85 million to settle all claims against it.  The parties also agreed that any fee disputes among plaintiffs' counsel would be arbitrated by Phillips (the Arbitrator).

The district court preliminarily approved the Settlement Agreement on May 28, 2009, and granted final approval on November 2, 2009.  On November 20, 2009, the district court awarded plaintiffs approximately $28 million in attorneys'

---

[1] Because the Burton Group did not seek review of the arbitration award under § 11 of the FAA, which allows a district court to modify or correct an arbitration award, we do not reach the question whether a party could waive review under its terms.

fees. The district court's approval of the settlement was unanimously affirmed by a different panel of our court on August 10, 2010.

During the course of the Wal-Mart Litigation, the relationships among plaintiffs' counsel deteriorated. Plaintiffs' counsel quarreled concerning the proper allocation of the $28 million fee award, and were unable to resolve their dispute. Consequently, the fee dispute was submitted to "binding, non-appealable arbitration" before the Arbitrator, as provided in the Settlement Agreement.

On January 10, 2011, the Arbitrator handed down an opinion and order allocating the $28 million fee award amongst plaintiffs' counsel. The Arbitrator allocated over $6 million to the Burton Group, over $11 million to Bonsignore, and over $730,000 to LaPlant. Bonsignore moved to confirm the Arbitrator's award on January 26, 2011, while the Burton Group filed a motion to vacate the award on April 11, 2011. The district court granted Bonsignore's motion on October 11, 2011, and found no legal basis for vacating the Arbitrator's award. The district court entered judgment on October 19, 2011, and this appeal followed.

## DISCUSSION

We ordinarily have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D) to review a district court order confirming an arbitration award. However, Bonsignore questions whether we have jurisdiction in the present action because § 22.9 of the Settlement Agreement contains a non-

appealability clause.[2] Specifically, § 22.9 provides, in relevant part:

> Class Counsel agree on behalf of themselves, their clients, and all Class Counsel to submit any disputes concerning fees (including, but not limited to, disputes concerning the fee allocation to any Class Counsel as recommended by Co-Lead Counsel, and disputes between Co-Lead Counsel regarding the determination of appropriate fee allocations) to binding, non-appealable arbitration to the Honorable Layn Phillips within fourteen (14) days of the fee

---

[2] The Burton Group contends that § 15.2 of the Settlement Agreement, read in conjunction with § 22.9, preserves its rights to challenge the fairness of the arbitration process and to appeal any decision of the district court to our court. Section 15.2 provides, in relevant part:

> In the event that the Court does not approve the Attorneys' Fees and Costs in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Costs requested by Class Counsel is reduced, that finding shall not be a basis for rendering any unrelated section of Settlement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the Attorneys' Fees and Costs and such appeal shall not be deemed an appeal of the Settlement.

We reject this argument because § 15.2, by its terms, concerns only the award of attorneys' fees and costs by the district court, and preserves appellate review of any decision of the district court regarding that award. It does not encompass the Arbitrator's decision concerning the allocation of those fees, which is governed solely by § 22.9.

> allocations set forth by and/or recommended
> by Co-Lead Counsel.

Courts have construed non-appealability clauses like that in § 22.9 in two different ways. First, as the district court concluded, the phrase "binding, non-appealable arbitration" may be understood to preclude only federal court review of the merits of the Arbitrator's decision, and not to eliminate the parties' right to appeal from the Arbitrator's decision under § 10 of the FAA, which provides grounds for the vacatur of an arbitration award. The district court's reasoning tracks that employed by some of our sister circuits, which have held that a contract provision stating that arbitration is non-appealable signifies that the parties only waive review of the merits of the arbitration. *See Southco, Inc. v. Reell Precision Mfg. Corp.*, 331 F. App'x 925, 927–28 (3d Cir. 2009) (citing *Tabas v. Tabas*, 47 F.3d 1280, 1288 (3d Cir. 1995) (en banc)); *Rollins, Inc. v. Black*, 167 F. App'x 798, 799 n.1 (11th Cir. 2006); *cf. Dean v. Sullivan*, 118 F.3d 1170, 1171 (7th Cir. 1997).

A second possible construction of the "binding, non-appealable arbitration" clause is that the arbitration clause divests both the district court and our court[3] of jurisdiction to

---

[3] This arbitration clause is different from the clause at issue in *MACTEC, Inc. v. Gorelick*, which stated in relevant part that "*[j]udgment* upon the award rendered by the arbitrator shall be final and nonappealable . . . ." 427 F.3d 821, 827 (10th Cir. 2005) (emphasis added). The Tenth Circuit held that the non-appealability clause in that case foreclosed only appellate review, and was enforceable because it preserved federal court review by the district court. *Id.* at 829–30. The clause at issue here, in contrast, arguably forecloses *all* federal court review. We express no opinion concerning whether a non-appealability clause that precludes only appellate review is enforceable.

review the Arbitrator's fee allocation on any ground, including those enumerated in § 10 of the FAA.[4]  *See Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63–64 (2d Cir. 2003), *overruled on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).[5]

Thus, the arbitration clause is ambiguous.  We need not resolve the question of which interpretation is correct if we conclude that the second possible construction is unenforceable because it eliminates judicial review under § 10 of the FAA.

The FAA provides for expedited judicial review of arbitration awards.  9 U.S.C. § 1 *et seq.*[6]  However, federal court review of arbitration awards is almost entirely limited

---

[4] Bonsignore contends that § 22.10 of the Settlement Agreement provides for judicial review of the Arbitrator's award in the district court. However, that section is expressly limited by § 22.9, which renders the Arbitrator's decision non-appealable.

[5] In *Hoeft*, the Second Circuit adopted this reading of a similar arbitration clause, which provided that in the event of a dispute, the parties were to

> use their reasonable best efforts to resolve such dispute, and in the event that they are unable to do so such dispute shall be resolved by Steven Sherrill, whose decision in such matters shall be binding and conclusive upon each of the parties hereto and shall not be subject to any type of review or appeal whatsoever.

*Hoeft*, 343 F.3d at 60, 63–64.

[6] The FAA does not grant federal jurisdiction, but rather requires an independent jurisdictional basis. *Hall St. Assocs.*, 552 U.S. at 581–82; *see also* 9 U.S.C. § 4.

to the grounds enumerated in the FAA, under which a court may vacate, modify, or correct an arbitration award. *Id.* §§ 10–11; *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). Specifically, a district court may vacate an arbitration award upon the application of any party to the arbitration:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).**[7]**   The Supreme Court has already clarified that the statutory grounds for judicial review in the FAA are exclusive, and may not be supplemented by contract. *Hall St. Assocs.*, 552 U.S. at 578.  But since Bonsignore's contention is that we lack jurisdiction to review the Arbitrator's award on any ground, we must also determine whether the statutory grounds for vacatur in the FAA may be waived or eliminated by contract.

Congress enacted the FAA to promulgate a "national policy favoring arbitration and [to] place[] arbitration agreements on equal footing with all other contracts . . . ." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *see also Hall St. Assocs.*, 552 U.S. at 581.  Although parties may tailor certain aspects of arbitration through private contract, and "courts must . . . enforce [such contracts] according to their terms," *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (internal citations omitted), the Supreme Court has articulated limits on parties' freedom to modify judicial review of arbitration awards.  *See Hall St. Assocs.*, 552 U.S. at 578 (holding that the statutory grounds for vacatur and modification of arbitration awards may not be supplemented by contract); *see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1000 (9th

---

**[7]** Courts may also vacate arbitration awards on the basis of an arbitrator's manifest disregard for law.  *See Hall St. Assocs.*, 552 U.S. at 584–85; *Wilko v. Swan*, 346 U.S. 427, 436–37 (1953), *overruled on other grounds by Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477 (1989).  "Although the words 'manifest disregard for law' do not appear in the FAA, they have come to serve as a judicial gloss on the standard for vacatur set forth in FAA § 10(a)(4)." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 414 (9th Cir. 2011).  To the extent that it informs § 10(a)(4), parties may not contract to preclude judicial review of manifest disregard for law.

Cir. 2003) (en banc) ("Private parties' freedom to fashion their own arbitration process has no bearing whatsoever on their inability to amend the statutorily prescribed standards governing federal court review.").

In *Hall Street Associates*, for example, Hall Street argued that the arbitration clause in its contract, which expanded judicial review beyond what is provided for in the FAA, was enforceable because arbitration is a "creature of contract." *Hall St. Assocs.*, 552 U.S. at 585. The Supreme Court rejected this argument, concluding that Hall Street's arbitration clause was unenforceable because it was "at odds" with the "textual features" of the FAA, which provide that the grounds for judicial review in §§ 10 and 11 are exclusive. *Id.* at 586.

Just as the text of the FAA compels the conclusion that the grounds for vacatur of an arbitration award may not be supplemented, it also compels the conclusion that these grounds are not waivable, or subject to elimination by contract. A federal court "must" confirm an arbitration award unless, among other things, it is vacated under § 10. 9 U.S.C. § 9; *Hall St. Assocs.*, 552 U.S. at 582. This language "carries no hint of flexibility" and "does not sound remotely like a provision meant to tell a court what to do just in case the parties say nothing else." *Id.* at 587. By contrast, other provisions in the FAA expressly permit modification by contract. *Id.* at 587–88. For example, § 5 provides rules for appointing an arbitrator that apply "if no method [is] provided [in the arbitration agreement] . . . ." 9 U.S.C. § 5. If the text of the statute trumps a contractual arrangement to expand review beyond the statute, then it follows that the statute forecloses a contractual arrangement to eliminate review

under its terms, and we reject Bonsignore's contention that § 22.9 can be so read.

Permitting parties to contractually eliminate all judicial review of arbitration awards would not only run counter to the text of the FAA, but would also frustrate Congress's attempt to ensure a minimum level of due process for parties to an arbitration.  Through § 10 of the FAA, Congress attempted to preserve due process while still promoting the ultimate goal of speedy dispute resolution.  *See Kyocera Corp.*, 341 F.3d at 998 ("The[] grounds [in § 10] afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures."); *see also Hall St. Assocs.*, 552 U.S. at 588 ("[T]he three provisions, §§ 9–11, . . . substantiat[e] a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway."); *Hoeft*, 343 F.3d at 64 ("In enacting § 10(a), Congress impressed limited, but critical, safeguards onto this process, ones that respected the importance and flexibility of private dispute resolution mechanisms, but at the same time barred federal courts from confirming awards tainted by partiality, a lack of elementary procedural fairness, corruption, or similar misconduct.").  If parties could contract around this section of the FAA, the balance Congress intended would be disrupted, and parties would be left without any safeguards against arbitral abuse.

In light of the above, we hold that 9 U.S.C. § 10(a), the statutory grounds for vacatur in the FAA, may not be waived or eliminated by contract.**[8]**

**AFFIRMED.**

---

**[8]** In *Aerojet-General Corp. v. American Arbitration Ass'n*, we noted in dicta, citing a district court decision from South Carolina, "that parties to an arbitration can agree to eliminate all court review of the proceedings . . . ." 478 F.2d 248, 251 (9th Cir. 1973). That dicta is not controlling, and we do not elect to follow its reasoning. *See In re Magnacom Wireless, LLC*, 503 F.3d 984, 993–94 (9th Cir. 2007) ("In our circuit, statements made in passing, without analysis, are not binding precedent."); *see also United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001) (en banc) (Kozinski, J., concurring) ("Of course, not every statement of law in every opinion is binding on later panels. Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case.").