**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 16, 2015**

# In the Court of Appeals of Georgia

A15A0664. ATLANTA FLOORING DESIGN CENTERS, INC. v.
R. G. WILLIAMS CONSTRUCTION, INC.

ANDREWS, Presiding Judge.

R. G. Williams Construction, Inc. (Williams), the general contractor on a construction project, hired Atlanta Flooring Design Centers, Inc. (AFDC) as the flooring subcontractor for the project. Williams and AFDC entered into a written contract governing the work on the project which included a provision requiring that disputes under the contract be resolved by arbitration, and further stating that:

> The award rendered by the arbitrator[s] shall be final and binding on the parties and judgment upon the award may be entered in any court of competent jurisdiction. Contractor and Subcontractor hereby expressly agree not to challenge the validity of the arbitration or the award.

After a dispute was submitted to arbitration, and the arbitrator rendered an award, AFDC filed a motion pursuant to OCGA § 9-9-13 (a) of the Georgia Arbitration Code

(GAC) seeking a court order vacating the award on the basis that its rights were prejudiced in the arbitration proceedings on the statutory grounds set forth in OCGA § 9-9-13 (b). Williams responded and moved to dismiss AFDC's motion on the basis that the parties' contractual agreement "not to challenge the validity of the arbitration or the award" precluded AFDC from seeking to vacate the award under the GAC. The reviewing court ruled that the contract language unambiguously precluded any challenge to the arbitration or the award pursuant to OCGA § 9-9-13; found that the agreement not to challenge the arbitration award was not unconscionable; and granted the motion to dismiss AFDC's motion to vacate the award. AFDC appeals from the dismissal order. For the following reason, we find the reviewing court erred and reverse.

"The [GAC] requires a trial court to confirm an award upon the timely application of a party to the award, unless one of the statutory grounds for vacating or modifying the award is established." *Greene v. Hundley*, 266 Ga. 592, 595 (468 SE2d 350) (1996); OCGA §§ 9-9-12; 9-9-13; 9-9-14. As quoted above, the contractual language at issue retains a party's right to have the arbitration award confirmed and made a judgment of the court pursuant to the GAC, while waiving any right for a party to challenge the arbitration process or the award by seeking judicial

2

review pursuant to the GAC to vacate or modify the award. In *Brookfield Country Club, Inc. v. St. James-Brookfield, LLC*, 287 Ga. 408, 413 (696 SE2d 663) (2010), the Supreme Court considered the validity of contractual language which altered the statutory scheme of the GAC by expanding the scope of judicial review of an arbitration award. The Court

> acknowledge[d] the fundamental principle that parties have the right to freely contract, [but recognized that] courts may not enforce a contractual provision which contravenes the statutory law of this state[,] . . . [and concluded that] the [GAC] does not permit contracting parties who provide for arbitration of disputes to contractually expand the scope of judicial review that is authorized by statute.

Id. (citation and punctuation omitted). Similarly, we conclude that the GAC does not permit contracting parties who provide for arbitration of disputes to contractually waive or eliminate a party's right to apply to a court to vacate or modify an award on the statutory grounds set forth in OCGA §§ 9-9-13 and 9-9-14.

"Because [the GAC] closely tracks federal arbitration law, we look to federal cases for guidance in construing our own statutes." *Brookfield Country Club*, 287 Ga. at 412 (citation and punctuation omitted). In *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 737 F3d 1262, 1267 (9th Cir. 2013), the Court considered whether the statutory grounds for vacating an arbitration award under 9 USC § 10 (a) of the

3

Federal Arbitration Act (FAA) (which sets forth grounds similar to those in OCGA § 9-9-13 (b) of the GAC) may be waived or eliminated by contract. The Court found that the text of the FAA compels the conclusion that the statutory grounds for vacatur under § 10 (a) "may not be waived or eliminated by contract." *In re Wal-Mart*, 737 F3d at 1268. The Court reasoned that FAA statutory grounds for a court to review and vacate an award demonstrate Congressional intent to provide a minimum level of due process for parties to an arbitration, and that permitting parties to contractually eliminate this judicial review of awards would contradict the text of the FAA, frustrate that intent, and leave parties "without any safeguards against arbitral abuse." Id. at 1268; *Hoeft v. MVL Group, Inc.*, 343 F3d 57, 64-66 (2d Cir. 2003) (parties seeking to enforce an arbitration award through court confirmation cannot contract to divest courts of statutory authority under § 10 of the FAA to review and vacate the award).

Accordingly, we find that the contract provision stating that the parties "expressly agree not to challenge the validity of the arbitration or the award" conflicts with and frustrates Georgia public policy as expressed in the GAC, and is void and unenforceable, to the extent it prevents AFDC from challenging the validity of the arbitration or the award by filing a motion under OCGA § 9-9-13 for the court to

vacate the award. See *Brookfield Country Club*, 287 Ga. at 413; *Emory Univ. v. Porubiansky*, 248 Ga. 391, 393-394 (282 SE2d 903) (1981) (contractual provision eliminating statutory duty of care void as against public policy). The reviewing court erred by dismissing AFDC's motion to vacate.

*Judgment reversed. Miller, J., concurs. Branch, J., concurs specially and in the judgment.*

A15A0664.   ATLANTA FLOORING CENTERS, INC. v. R. G.

WILLIAMS CONSTRUCTION, INC.


BRANCH, Judge, concurring specially.

Although I agree with the result reached in this appeal, I write separately to emphasize both the way this court views arbitration agreements generally and the uniqueness of the question presented in this case – that is, whether two commercial parties may agree to waive the right to contest an arbitration award on the limited grounds listed in Section 9-9-13 (b) of the Georgia Arbitration Code (GAC).

In this case, claimant Atlantaa Flooring and Design Centers, Inc. ("AFDC") filed an arbitration petition against R. G. Williams Construction, Inc. ("Williams"), a general contractor which had refused to pay AFDC the flooring subcontractor on the ground that AFDC had delayed completion of its subcontract.  AFDC filed a motion to vacate on the grounds that the arbitrator had overstepped his authority and manifestly disregarded the law when he awarded Williams liquidated damages. Williams moved to dismiss AFDC's motion to vacate on the ground that in their agreement to arbitrate, the parties had "expressly agree[d] not to challenge the validity of the arbitration of [any] award" made. AFDC appeals from the trial court's grant of Williams's motion to dismiss AFDC's motion to vacate the award.

As a preliminary matter, it bears repeating that "[i]n enacting the GAC, the General Assembly established a clear public policy in favor of arbitration." *Order Homes, LLC v. Iverson*, 300 Ga. App. 332, 334-335 (685 SE2d 304) (2009). As a result, "Georgia courts are required to uphold valid arbitration provisions in contracts." *Saturna v. Bickley Const. Co.*, 252 Ga. App. 140 (555 SE2d 825) (2001) (affirming arbitration provision in contract between homeowners and contractor). This is especially true of arbitration provisions agreed upon by two commercial parties such as those before us in this case. See *Bishop Contracting Co. v. Center Bros. Inc.*, 213 Ga. App. 804, 805 (1) (445 SE2d 780) (1994) (upholding arbitration provision in contract between contractor and subcontractor). But this case also presents us with what I, like AFDC, believe to be a question of first impression: that is, whether two contracting parties may agree to waive their respective rights to seek vacatur of an arbitration award on the specific and limited grounds listed in OCGA § 9-9-13 (b).

In *Brookfield Country Club, Inc. v. St. James-Brookfield, LLC*, 287 Ga. 408 (696 SE2d 663) (2010), the Supreme Court of Georgia held that the GAC "does not permit contracting parties who provide for arbitration of disputes to contractually *expand* the scope of judicial review that is authorized by statute." Id. at 413 (emphasis

supplied; citation omitted). But the case before us is one in which, by contrast, the parties sought to *eliminate* their right to obtain review of an arbitration award. The majority reads *Brookfield* as authority for the proposition that parties may *neither expand nor limit* the scope of judicial review authorized by the Code. As I explain below, while I agree with this proposition generally, I do not find it a necessary consequence of *Brookfield*. I also want to emphasize three explanatory points: that access to Georgia courts granted by statute may not be waived, even in this commercial context; that a party may seek to vacate an arbitration award under the strictly limited set of circumstances outlined in OCGA § 9-9-13 (b); and that we express no opinion on the merits of AFDC's arguments for vacatur, which remain for the trial court to determine.

First, the Second Circuit's decision in *Hoeft v. MVL Group, Inc.*, 343 F.3d 57 (2d Cir. 2003), disapproved on other grounds, *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U. S. 576, 585 (128 SCt 1396) (2008), provides a convincing rationale for the result reached by us in this case.[1] *Hoeft* first notes what it takes to be a "fundamental difference between an agreement to increase the scrutiny that courts

---

[1] Although *Hoeft* construes the Federal Arbitration Act (FAA), both the FAA and the GAC contain a provision detailing the limited grounds for challenging an arbitration award. See 9 U. S. C. § 10 (a); OCGA § 9-9-13 (b).

3

apply when considering whether to confirm or vacate an arbitration award" – that is, the fact pattern ruled on by our Supreme Court in *Brookfield* – "and an agreement to prevent courts from reviewing the substance of an arbitration award at all." 343 F.3d at 64. Like the *Hoeft* Court, we face the latter scenario, and we should reach the same result. As *Hoeft* explains:

> An agreement that contemplates confirmation but bars all judicial review presents serious concerns. Arbitration agreements are private contracts, but at the end of the process the successful party may obtain a judgment affording resort to the potent public legal remedies available to judgment creditors. In enacting § 10 (a), Congress impressed limited, but critical, safeguards onto this process, ones that respected the importance and flexibility of private dispute resolution mechanisms, but at the same time barred federal courts from confirming awards tainted by partiality, a lack of elementary procedural fairness, corruption, or similar misconduct. This balance would be eviscerated, and the integrity of the arbitration process could be compromised, if parties could require that awards, flawed for any of these reasons, must nevertheless be blessed by federal courts. Since federal courts are not rubber stamps, parties may not, by private agreement, relieve them of their obligation to review arbitration awards for compliance with § 10(a).

Id. at 64-65. Similarly, I believe that the parties to this arbitration agreement, who must turn to a Georgia court in order to confirm an arbitration award, were not

4

empowered to relieve the Georgia courts of their obligation to review the same kind of award for the fundamental flaws identified in OCGA § 9-9-13 (b).

Second, I wish to emphasize, as the Georgia Supreme Court has repeatedly done, that the grounds for vacatur set out in OCGA § 9-9-13 (b) are strictly limited,[2] and do not provide for relief even when there is no evidence to support the arbitrator's award or the arbitrator has made an inadvertent error of law. See *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996) (given that "[t]he prohibition against considering the sufficiency of the evidence as grounds for vacating an arbitration award is unconditional," a court reviewing an arbitration award "is prohibited from weighing the evidence submitted before the arbitrator, regardless of

---

[2] OCGA § 9-9-13 (b) provides in relevant part that an arbitration award

shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by: (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.

5

whether the court believes there to be sufficient evidence, or even any evidence, to support the award."); *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007) (a party seeking to prove that an arbitrator has shown "manifest disregard of the law" must show "not only [that] the correct law [was ] communicated to an arbitrator, but that the arbitrator intentionally and knowingly chose to ignore that law despite the fact that it was correct").

Third, our result merely reverses the trial court's grant of Williams's motion to dismiss AFDC's motion to vacate the arbitration award, such that AFDC's motion to vacate remains pending below. It would be a misreading of our result, moreover, to infer any conclusion from it as to the merits of that pending motion. See, e.g., *Berger v. Welsh*, 326 Ga. App. 290, 297 (3) (756 SE2d 545) (2014) (reversing superior court's vacatur of an arbitrator's award when that award had stated no legal or factual rationale for the award such that the party moving to vacate had failed to make the "extremely difficult" showing of manifest disregard of the law).

Because I believe these matters require further explanation and require a slightly different analysis, I concur in the judgment only.[3]

_____

[3] See Court of Appeals Rule 33 (a) ("an opinion is physical precedent only with respect to any Division of the opinion for which there is a concurrence in the judgment only or a special concurrence without a statement of agreement with all that