ANDREWS, Presiding Judge.
R. G. Williams Construction, Inc. (Williams), the general contractor on a construction project, hired Atlanta Flooring Design Centers, Inc. (AFDC) as the flooring subcontractor for the project. Williams and AFDC entered into a written contract governing the work on the project which included a provision requiring that disputes under the contract be resolved by arbitration, and further stating:
The award rendered by the arbitrator[s] shall be final and binding on the parties and judgment upon the award may be entered in any court of competent jurisdiction. Contractor and Subcontractor hereby expressly agree not to challenge the validity of the arbitration or the award.
After a dispute was submitted to arbitration, and the arbitrator rendered an award, AFDC filed a motion pursuant to OCGA § 9-9-13 (a) of the Georgia Arbitration Code (GAC) seeking a court order vacating the award on the basis that its rights were prejudiced in the arbitration proceedings on the statutory grounds set forth in OCGA § 9-9-13 (b). Williams responded and moved to dismiss AFDC’s motion on the basis that the parties’ contractual agreement “not to challenge the validity of the arbitration or the award” precluded AFDC from seeking to vacate the award under the GAC. The reviewing court ruled that the contract language unambiguously precluded any challenge to the arbitration or the award pursuant to OCGA § 9-9-13; found that the agreement not to challenge the arbitration award was not unconscionable; and granted the motion to dismiss AFDC’s motion to vacate the award. AFDC appeals from the dismissal order. For the following reason, we find the reviewing court erred and reverse.
“The [GAC] requires a trial court to confirm an award upon the timely application of a party to the award, unless one of the statutory grounds for vacating or modifying the award is established.” Greene v. Hundley, 266 Ga. 592, 595 (468 SE2d 350) (1996); OCGA §§ 9-9-12; *529 9-9-13; 9-9-14. As quoted above, the contractual language at issue retains a party’s right to have the arbitration award confirmed and made a judgment of the court pursuant to the GAC, while waiving any right for a party to challenge the arbitration process or the award by seeking judicial review pursuant to the GAC to vacate or modify the award. In Brookfield Country Club v. St. James-Brookfield, LLC, 287 Ga. 408, 413 (696 SE2d 663) (2010), the Supreme Court considered the validity of contractual language which altered the statutory scheme of the GAC by expanding the scope of judicial review of an arbitration award. The Court
acknowledge [d] the fundamental principle that parties have the right to freely contract, [but recognized that] courts may not enforce a contractual provision which contravenes the statutory law of this state [,] . . . [and concluded that] the [GAC] does not permit contracting parties who provide for arbitration of disputes to contractually expand the scope of judicial review that is authorized by statute.
Id. (citation and punctuation omitted). Similarly, we conclude that the GAC does not permit contracting parties who provide for arbitration of disputes to contractually waive or eliminate a party’s right to apply to a court to vacate or modify an award on the statutory grounds set forth in OCGA §§ 9-9-13 and 9-9-14.
“Because [the GAC] closely tracks federal arbitration law, we look to federal cases for guidance in construing our own statutes.” Brookfield Country Club, 287 Ga. at 412 (citation and punctuation omitted). In In re Wal-Mart Wage & Hour Employment Practices Litigation, 737 F3d 1262, 1267 (9th Cir. 2013), the Court considered whether the statutory grounds for vacating an arbitration award under 9 USC § 10 (a) of the Federal Arbitration Act (FAA) (which sets forth grounds similar to those in OCGA § 9-9-13 (b) of the GAC) may be waived or eliminated by contract. The Court found that the text of the FAA compels the conclusion that the statutory grounds for vacatur under § 10 (a) “may not be waived or eliminated by contract.” In re Wal-Mart, 737 F3d at 1268. The Court reasoned that FAA statutory grounds for a court to review and vacate an award demonstrate Congressional intent to provide a minimum level of due process for parties to an arbitration, and that permitting parties to contractually eliminate this judicial review of awards would contradict the text of the FAA, frustrate that intent, and leave parties “without any safeguards against arbitral abuse.” Id. at 1268; Hoeft v. MVL Group, 343 F3d 57, 64-66 (2d Cir. 2003) (parties seeking to enforce an arbitration award through court confirmation cannot *530 contract to divest courts of statutory authority under § 10 of the FAA to review and vacate the award).
Accordingly, we find that the contract provision stating that the parties “expressly agree not to challenge the validity of the arbitration or the award” conflicts with and frustrates Georgia public policy as expressed in the GAC, and is void and unenforceable, to the extent it prevents AFDC from challenging the validity of the arbitration or the award by filing a motion under OCGA § 9-9-13 for the court to vacate the award. See Brookfield Country Club, 287 Ga. at 413; Emory Univ. v. Porubiansky, 248 Ga. 391, 393-394 (282 SE2d 903) (1981) (contractual provision eliminating statutory duty of care void as against public policy). The reviewing court erred by dismissing AFDC’s motion to vacate.

Judgment reversed.

Miller, J., concurs. Branch, J., concurs specially and in the judgment.