**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERRI R. ROBERTS, AKA Sherri Roberts,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>LAME DEER PUBLIC SCHOOLS, District No. 6,<br><br>        Defendant-Appellee. | No. 14-36038<br><br>D.C. No. 1:12-cv-00083-SEH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 9, 2017**
Portland, Oregon

Before: O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

Sherri R. Roberts appeals from the district court's grant of summary

judgment dismissing her Section 1983 procedural due process claim relating to her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

termination by Lame Deer Public Schools. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Roberts argues that the district court erred in granting Lame Deer Public School's summary judgment motion after determining her procedural due process claim was foreclosed by claim preclusion. She also argues that the district court erred when it concluded that even if preclusion did not bar her claim, her claim fails on the merits because she was accorded adequate procedural due process.

A

Roberts argues that the combination of the post-termination arbitration hearing and the statutory limits on judicial review of its result violates her procedural due process rights. Her attorney argued before the district court that "there has been no effective review by an independent judicial body on the merits of this case" and that this lack of merits review of the arbitration is "an egregious violation of her due process rights."

Roberts could have brought this procedural due process claim in Montana state court when she challenged the arbitrator's decision there. *See Roberts v. Lame Deer Pub. Sch. Dist. No. 6*, 314 P.3d 647 (Mont. 2013). Instead, she chose only to attempt to vacate the arbitration decision when she filed her previous lawsuit. *Id.*

Therefore, claim preclusion bars her from litigating a claim that she could have raised in an earlier proceeding. *See Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993); *Hollister v. Forsythe*, 918 P.2d 665, 667 (Mont. 1996).

B

Even if Roberts' claim was not barred by claim preclusion, the district court correctly concluded that she was accorded adequate procedural due process. She received a hearing before she was terminated. She was able to challenge her termination in arbitration, as mandated by the collective bargaining agreement to which she was a party. *Roberts*, 314 P.3d at 648. After losing, she was then permitted to challenge the arbitrator's decision in court. *Id.* She did so in state court and lost. *Id.* at 650. She received more than adequate procedural due process. Montana law did not give her a right to a court hearing on the merits post-arbitration. *Id.* at 649–50. In addition, Montana's statute limiting judicial review of arbitration decisions, Mont. Code Ann. §§ 27-5-312, -313, does not violate the Constitution; in fact the statute is in many ways identical to its (constitutional) federal version, 9 U.S.C. § 10. *See Southland Corp. v. Keating*, 465 U.S. 1, 11 (1984); *see also In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 737 F.3d 1262, 1268 (9th Cir. 2013) ("Through § 10 of the [Federal Arbitration Act],

Congress attempted to preserve due process while still promoting the ultimate goal of speedy dispute resolution." (citing *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) ("The [] grounds [in § 10] afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." (alterations in *Wal-Mart*)))).

## II

The judgment of the district court is **AFFIRMED.**